**In re: Gene Allen HERROLD, Petitioner.**

No. 05–5576.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. March 29, 2006.

Decided March 30, 2006.

Gene Allen Herrold, Loretto, PA, pro se.

Before Chief Judge SCIRICA, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Pro se petitioner Gene Allen Herrold, a federal prisoner, seeks a writ of mandamus to compel the United States District Court for the Western District of Pennsylvania to decide the merits of his 28 U.S.C. § 2241 habeas petition, which was filed on April 15, 2005. Alternatively, Herrold seeks an order from the District Court directing the respondent to show cause why the § 2241

---

petition should not be granted. We will deny the petition as moot.

In April 2005, Herrold filed a habeas petition pursuant to 28 U.S.C. § 2241. In the petition, he attacked his conviction and sentence stemming from his violation of federal firearm laws in 1991. On or about August 1, 2005, Herrold filed a Motion for Disposition to prod the District Court to rule on his habeas petition.

The remedy of mandamus is reserved for the most extraordinary of circumstances. *DeMasi v. Weiss,* 669 F.2d 114, 117 (3d Cir.1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Here, on March 2, 2006, the District Court denied Herrold's habeas petition without prejudice to his filing a successive motion to vacate if authorized by this court. Moreover, the District Court forwarded Herrold's habeas petition to this court as an application for authorization to file a successive motion to vacate. In light of the District Court's order, Herrold's petition for a writ of mandamus will be denied as moot.